Walter R. Hart, J.
Application for an order directing the Cumberland Hospital, the Department of Hospitals and the City of New York to appear for examination pursuant to section 295 and section 296 of the Civil Practice Act and for a *640 discovery and inspection of various nurses, doctors and other employees, hospital records, etc., in connection with alleged negligence of various doctors and persons in the treatment of applicant’s condition.
Petitioner claims she underwent surgery at Cumberland Hospital between August 26, 1957 and December 20, 1957; that because of the negligent administration of a certain drug she suffered extensive necrosis of both legs necessitating subsequent skin grafting, as a-result of which she suffered pains and discomfort. Petitioner further alleges that she has been denied a copy of her hospital report and the names of the doctors and others who treated her. She seeks the information for the purpose of instituting an action against the City of New York, the doctors and others who treated her at the hospital.
The application is opposed on the ground that it is almost two years since the acts complained of occurred, that no notice of claim as required by section 50-e of the General Municipal Law has been filed with the city; that since more than one year has elapsed the court is without power to grant leave to file a late notice of claim.
Section 50-e of the General Municipal Law provides that a notice of claim against the city must be filed within 90 days after the claim arises. Section 50-d provides that no action may be maintained against a municipal corporation, physician, etc., unless a notice of claim shall have been served in compliance with said section 50-e. Failure to serve such notice bars the institution of an action against either the municipal corporation or a doctor, or others mentioned in the statute. (Derlicka v. Leo, 281 N. Y. 266, 268.)
Since it is admitted that no notice of claim has been filed against the city and more than one year has elapsed since the time to do so has expired and within which the court might have granted leave to file a late notice of claim and any action commenced at this time as a result of the alleged claim would have to be dismissed (Derlicka v. Leo, supra), to grant this motion would be a futile gesture.
The motion is therefore denied. Settle order on notice.